**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1846**

TANGER ANITA HARRIS,

                Plaintiff - Appellant,

        v.

PROGRESSIVE NORTHERN INSURANCE COMPANY; BURNS AND BURNS
INSURANCE; TRISH CLARK; ALLISON THOMAS,

                Defendants - Appellees.

Appeal from the United States District Court for the District of
South Carolina, at Anderson.  Henry M. Herlong, Jr., Senior
District Judge.  (8:09-cv-01341-HMH)

Submitted:  November 19, 2009        Decided:  December 1, 2009

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Tanger Anita Harris, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tanger Anita Harris appeals the district court's order dismissing her cause of action without prejudice for lack of subject matter jurisdiction. The district court referred this case to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) (2006). The magistrate judge recommended that relief be denied and advised Harris that failure to file timely objections to this recommendation could waive appellate review of a district court order based upon the recommendation. Despite this warning, Harris failed to object to the magistrate judge's recommendation.

The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance. Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); see also Thomas v. Arn, 474 U.S. 140 (1985). Harris has waived appellate review by failing to timely file specific objections after receiving proper notice. Accordingly, we affirm the judgment of the district court.

Before this court, Harris also moves to seal this matter, in its entirety, for a transcript at the Government's expense, and to "prosecute" Defendant Progressive Northern Insurance. In

2

her motion to seal this matter, Harris fails to comply with the requirements of 4th Cir. R. 25(c). Thus, we deny her motion to seal. Additionally, the docket does not reflect any hearing for which a transcript could be prepared. Thus, we deny Harris' motion for a transcript at the Government's expense. Finally, because Harris asserts injury caused by Defendant Progressive Northern Insurance for the first time on appeal, we conclude that such claim is procedurally defaulted and deny relief. Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993); Nat'l Wildlife Fed. v. Hanson, 859 F.2d 313, 318 (4th Cir. 1988).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED